**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RENEE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-10668** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MORGAN PROPERTIES** | ) | |
| **MANAGEMENT COMPANY, LLC,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Renee Johnson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Morgan Properties Management Company, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADEA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. is a federal statute.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of employment discrimination on the basis of age and retaliatory discharge with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff, Renee Johnson, is a natural person, over 18-years-of-age, who at all times material to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, Morgan Properties Management Company, LLC, whose address is 3905 Tower Dr #115 Richton Park, IL 60471, is a LLC specializing in real estate investment and management that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

11. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Service Manager from on or about July 24, 2024 until Plaintiff's unlawful termination on or about April 7, 2025.

13. Plaintiff is 60 years old and is a member of a protected class because of Plaintiff's age.

14. Since at least December 20204, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has subjected Plaintiff to a hostile work environment on the basis of age in violation of the ADEA.

15. The qualifications for Service Manager include:

- Active and valid driver's license and a personal vehicle.
- Live within a 30-minute commute of the properties.
- HVAC/EPA/CFC Certification preferred.
- One-year certificate, 5+ years of related experience, or equivalent education and experience.

16. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of Plaintiff's employment.

17. In or around December 2024, Plaintiff began experiencing serious issues with maintenance technician Travis (LNU).

18. Travis was consistently disrespectful and confrontational towards Plaintiff.

19. On or about February 25, 2025, Travis became irate and directed age-based insults at Plaintiff in the workplace.

20. Travis called Plaintiff an "old stupid ass" and told Plaintiff she needed to "make some money and go to school with your old stupid ass self."

21. Travis' remarks were clearly ageist, inappropriate, and offensive.

22. Plaintiff immediately reported this incident verbally to the property manager, Bryant (LNU).

23. Bryant acknowledged that the behavior was unacceptable and said he would speak to Travis and call Plaintiff back.

24. Bryant never followed up.

25. On or about February 26, 2025, Plaintiff received an unsatisfactory performance review from regional manager DeAngelo (LNU).

26. This was particularly suspicious, as DeAngelo had never worked directly with Plaintiff.

27. Plaintiff believe this negative review was in direct response to her complaint about Travis, and not based on her actual job performance.

28. On or about March 17, 2025, Plaintiff took Travis to lunch in an attempt to resolve the issue professionally, since Plaintiff was still his supervisor.

29. Travis admitted that what he said was wrong and stated he would accept any consequences, but he never apologized.

30. On or about March 26, 2025, Anthony Myers from HR met with Plaintiff and DeAngelo to discuss concerns about Plaintiff's performance.

31. During the meeting, Plaintiff shared the details of what had been happening with Travis, including the inappropriate, age-based remarks he made.

32. Plaintiff also expressed her concerns that the negative performance review she received immediately after reporting the incident appeared retaliatory.

33. Anthony responded by saying the review had already been in progress prior to her complaint, but Plaintiff found the timing highly questionable.

34. On or about March 28, Plaintiff called the Area VP, Kia (LNU) to report what had been happening.

35. Kia said she would follow up with HR but never did.

36. That same day, Plaintiff also contacted the Ethics Line and was told an investigation would be conducted.

37. Despite continuing to do Plaintiff's job, Plaintiff was repeatedly blamed for issues that stemmed from Travis not completing work orders.

38. Travis refused to communicate with Plaintiff, but Plaintiff was the one being disciplined for "communication issues."

39. On or about April 7, 2025, Plaintiff was called into the office.

40. Anthony was on the phone and informed Plaintiff that she was being terminated due to "unsatisfactory performance."

41. Plaintiff was subjected to a hostile work environment, discriminated against based on her age, and retaliated against for reporting age-based insults.

42. Plaintiff's termination came after she made multiple complaints about being subjected to age-based harassment.

43. Plaintiff's termination was not based on performance, but was a direct result of her age and her attempts to hold others accountable for misconduct.

44. Plaintiff was unlawfully terminated because of Plaintiff's age (60) on or about April 7, 2025.

45. Plaintiff was retaliated against and Plaintiff was ultimately terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

46. Plaintiff can show that Plaintiff engaged in statutorily protected activity—a necessary component of Plaintiff's retaliation claim—because reported age-based harassment and discrimination.

47. Plaintiff was targeted for termination because of Plaintiff's age and reporting of illegal activity.

48. Plaintiff suffered multiple adverse employment actions including, but not limited to termination.

**COUNT I**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

49. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

51. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (60).

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Harassment)**

57. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

59. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (60).

60. Defendant knew or should have known of the harassment.

61. The age-based harassment was severe or pervasive.

62. The age-based harassment was offensive subjectively and objectively.

63. The age-based harassment was unwelcomed.

64. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

66. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

67. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

68. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based harassment and/or discrimination.

69. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

70. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

71. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

72. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

73. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the age-based harassment and/or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

74. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Liquidated damages;

g. Reasonable attorneys' fees and costs;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of September 2025.

/s/ ***Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*